**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

TOPTAL, LLC,
     Petitioner,

v.                                                                        2:25-mc-13-JES-NPM

BREANDEN BENESCHOTT,
     Respondent.

---

## ORDER

Breanden Beneschott is no stranger to Toptal, LLC, a company that curates a

proprietary talent network of independent contractors and matches that talent to its

clients in the United States and globally. Beneschott served as Toptal's Chief

Operating Officer until he was terminated in 2018, prompting litigation in this

district in 2019. *See Toptal, LLC v. Beneschott*, No. 2:19-cv-569-SPC-NPM;

*Beneschott v. Toptal, LLC et al.*, No. 2:19-cv-662-JES-NPM. More litigation ensued

after Denis Grosz, a Toptal investor, founded Mechanism Ventures, LLC and hired

Beneschott as its CEO. In 2021, Toptal sued Grosz and Mechanism Ventures in

Nevada state court for alleged breach of an Advisor Agreement between Grosz and

Toptal, Mechanism Ventures's alleged interference with the Agreement, Grosz's

negative media campaign against Toptal, and his attempt to obtain equity in Toptal.

(the "*Nevada* action"). (Doc. 19-3 at 3).

As part of the *Nevada* action, Toptal served a non-party subpoena in Florida on Beneschott under the Uniform Interstate Depositions and Discovery Act, § 92.251, Fla. Stat. (2020). (Doc. 1-3). Although Beneschott produced over 10,000 documents, Toptal moved to compel the production of 358 documents withheld on the basis of privilege. The Twentieth Judicial Circuit Court in and for Collier County, Florida, denied Beneschott's privilege claims and compelled production of the withheld documents to Toptal. Beneschott appealed to Florida's Sixth District Court of Appeal, which ultimately found that Beneschott "substantiated his privilege claims with a privilege log and unrefuted declarations." (Doc. 1-20 at 11-12). As such, the Sixth DCA concluded that the trial court erred by categorically denying Beneschott's privilege claims and ordering production without first conducting an *in camera* inspection of the documents. *Id.* So the Sixth DCA reversed the trial court's order and remanded for further consideration. *Id.* However, because the *Nevada* action—in the interim—had gone to trial and was on appeal, the Florida trial court entered an order staying all further proceedings unless and until the Nevada Supreme Court remands the *Nevada* action for additional proceedings.

In the meantime, Toptal initiated litigation in the Southern District of New York against defendants Andela, Inc. and Courtney Machi[1] (the "*Andela* action") in

---

[1] Courtney Machi is identified as Andela's Vice President of Product, who once served as a Senior Product Manager for Toptal. (Doc. 1-1 at 3).

May of 2024. *See Toptal, LLC v. Andela, Inc. et al.*, No 1:24-cv-4027-LTS-JW. Toptal sued the *Andela* defendants for misappropriation of trade secrets, violation of the Defend Trade Secrets Act, unfair competition, tortious interference with contract (by Andela), and breach of contract (by Machi). According to Toptal, Andela hired and deployed at least thirty former Toptal employees to create a new business model to compete unfairly with Toptal and poach its personnel, clients, and talent. (Doc. 1 at 2-3). Just like the *Nevada* action, Toptal served Beneschott with a non-party subpoena in the *Andela* action. Toptal requests that Beneschott produce documents and communications relating to Andela, its founder, Jeremy Johnson,[2] its business strategies, Andela personnel, and any assistance Beneschott or Mechanism Ventures provided to Andela to solicit Toptal's personnel, talent, and clients. (*See* Doc. 1-8). In an effort to minimize his legal expenses, Beneschott produced the same 10,000-plus documents he previously produced in the *Nevada* action along with additional documents responsive to Andela-related topics.[3] Beneschott withheld *one* document based on the attorney-client privilege. (*See* Doc. 1-23).

Unsatisfied, Toptal filed a motion to compel Beneschott's compliance with the *Andela* subpoena—seeking 271 documents—which is now before this court.

---

[2] Toptal alleges that Johnson was Beneschott's former roommate and Princeton classmate. (Doc. 1 at 3).

[3] Toptal avers that Beneschott produced 10,449 documents in the *Andela* action that were previously produced in the *Nevada* action, with an additional 205 documents produced in response to the *Andela* subpoena. (Doc. 1 at 7, n.5).

(Doc. 1). Toptal readily admits that the documents it seeks to compel were those sought in the *Nevada* action and later withheld based on privilege and were subject to litigation in Florida state court as set forth above. These documents include:

- A Slack thread consisting of a September 2019 communication between Grosz and Beneschott in which Grosz discussed with Beneschott the substance of legal advice he obtained from a law firm concerning anticipated litigation involving Grosz, Mechanism Ventures, and Toptal. (Doc. 19 at 14, 17; Doc. 19-5 at 6-7).

- Emails and related communications involving Beneschott and his personal litigation counsel at Morgan, Lewis, Bockius LLP concerning the 2019 litigation between Beneschott and Toptal, and communications between Beneschott and personnel at Fifth Avenue Family Office ("FAFO"),[4] including FAFO's in-house counsel. (Doc. 19 at 15, 17; Doc. 19-6 at 3-4).

Beneschott opposes the motion, noting that the 271 at-issue documents were never withheld, never logged as privileged, and never identified as responsive to the *Andela* subpoena. But even if the documents are responsive, Beneschott maintains they are protected from disclosure based upon privilege. (Doc. 19 at 3-4).

"Rule 45 is the proper vehicle for obtaining documents and other materials from nonparties relevant to a pending lawsuit." *Rose v. T-Mobile USA, Inc. T-Mobile USA, Inc.*, No. 2:24-cv-473-JLB-KCD, 2024 WL 3103662, *2 (M.D. Fla. June 24, 2024) (citation omitted). "But it 'must be read in conjunction with Rule 26 [which] clearly defines the scope of discovery for all discovery devices.'" *Id.* (citation

---

[4] FAFO is a multi-family office that serves high-net-worth entrepreneurial families and offers services such as investment management, estate and legacy planning, and tax coordination. *See* https://fifthavenuefamily.com/who-we-are/ (last visited Feb. 2, 2026).

omitted). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, *2 (M.D. Fla. Apr. 25, 2016). (quotation and citation omitted).

On that score, Toptal has not met its burden of proving that the 271 at-issue documents are relevant or responsive to the *Andela* subpoena.[5] Indeed, Toptal's only argument in support of relevancy is that because Beneschott "produced every single document he had produced in the *Nevada* Action, [he] inextricably link[ed] his *Nevada* Action production (and privilege assertions) to his production in the *Andela* Action." (Doc. 1 at 6-7) (emphasis added). But "[w]hether [Beneschott] produced documents relevant to the issues in this case is not answered by looking to what documents [he] produced in another separate case addressing different issues." *Int'l Brominated Solvents Ass'n v. Am. Conf. of Govtl. Indus. Hygienists, Inc.*, No. 5:04-cv-394 (HL), 2008 WL 1805445, *2 (M.D. Ga. Apr. 18, 2008). To be sure, in the *Andela* action, Toptal stated in response to a motion to compel discovery that the *Nevada* action is a "different lawsuit in which Toptal litigated against different defendants and that involved a largely different time period" and that the appropriate

---

[5] It is worth noting that Toptal's motion to compel misstates the scope of discovery under Rule 26. Toptal references a case construing and applying Rule 26 as it existed before 2015, which provides little, if any, precedential value. (*See* Doc. 1 at 11, "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

scope of discovery in the *Andela* action "must be based on the claims, issues and damages sought herein, and not the distinct claims, issues and damages in the *Nevada* action." (Doc. 19-3 at 2, 4) (emphasis added). Toptal nevertheless asks this court to overlook the fact that the *Andela* and *Nevada* actions are **not** based on similar claims, defendants, and time periods in an effort to have its discovery cake and eat it too. We decline to do so.

Toptal expends significant effort arguing that Beneschott continues to improperly withhold the 271 documents, but Toptal fails to acknowledge that in the *Andela* action, Beneschott identified all responsive documents and withheld only *one* document that he asserts is privileged. And other than using broad brush strokes to describe Beneschott's intent to "just crush[]" Toptal and his role in the *Nevada* action, Toptal has not shown that any of the at-issue documents are responsive to the requests within the *Andela* subpoena. We cannot compel documents that were not withheld because they were not requested in the first place. *See S.E.C. v. Merkin*, No. 11-23585-CIV, 2012 WL 3203037, *3 (S.D. Fla. Aug. 3, 2012) (acknowledging that a party does not have an obligation to log documents not responsive to discovery requests); *see also Am. Soc'y For Prevention of Cruelty To Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 213 (D.D.C. 2006) ("[I]t should go without saying that there is no obligation to assert a privilege for documents that are

- 7 -

not within the scope of a request or that are outside of the scope of what could permissibly be requested.").

For these reasons, Toptal's motion to compel (Doc. 1) is **DENIED**. Toptal's request for oral argument as to its motion to compel (Doc. 16) is **DENIED as moot**. The clerk is directed to terminate any deadlines and close the case.

**ORDERED** on February 26, 2026

_____
NICHOLAS P. MIZELL
United States Magistrate Judge