UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOPTAL, LLC,

  Petitioner,

v.          Case No:  2:25-mc-13-JES-NPM

BREANDEN BENESCHOTT,

  Respondent.

---

## OPINION AND ORDER

This matter comes before the Court on Petitioner Toptal, LLC's Objection to and Motion to Set Aside Magistrate Judge's Order Denying Motion to Compel (Doc. #34) filed on March 12, 2026. Respondent Breanden Beneschott filed an Opposition (Doc. #35) on March 25, 2026.  For the reasons set forth below, the Objections are overruled and the motion to compel is denied.

**I.**

As the Magistrate Judge accurately summarized in his Order (Doc. #31), Toptal, LLC (Toptal) filed a suit in state court in Nevada (the *Nevada* action) and then a suit in federal court in New York (the *Andela* action) against different parties and asserting different claims.  Toptal's former CEO Breanden Beneschott (Beneschott) was not a party in either suit but was served with non-party subpoenas to produce documents and communications in each separate case.  Beneschott produced over 10,000 documents in

the *Nevada* action but withheld 359 documents based on privilege.[1] To minimize legal expenses, Beneschott produced the same 10,000-plus documents from the *Nevada* action plus an additional 205 documents responsive to the *Andela*-related topics. Beneschott withheld one document based on attorney-client privilege.

## II.

Toptal filed the Motion to Compel Non-Party Breanden Beneschott's Compliance with Subpoena (Doc. #1) now before the Court, arguing that Beneschott continues to improperly withhold 271 documents which he claims are protected by attorney-client privilege and/or work product grounds. (Id. at 3.) Toptal asserts that 264 of these 271 documents were withheld based on an assertion of attorney-client privilege, and all were withheld as work product. (Id. at 13.) The Motion argues that "Beneschott strategically omitted from his *Andela* privilege log every single one of the Improperly Withheld Documents that Toptal seeks, apparently in the hopes of distinguishing his *Andela* Action production from his *Nevada* Action production. But those

---

[1] Toptal moved to compel production of 358 documents that were withheld based on privilege. A Florida state court denied the privilege claim and compelled production. The decision was reversed on appeal because no in camera inspection was conducted, but the remand order was stayed because the underlying *Nevada* action was on appeal after having moved forward with trial.

productions remain inextricably intertwined, including as to privilege and work product assertions." (Id. at 10.)

Beneschott opposes the motion, arguing that the 271 documents at issue were never identified as responsive to the *Andela* subpoena and, even if responsive, they are protected from disclosure based on privilege. (Doc. #19, pp. 3-4.)

**III.**

On February 26, 2026, the Magistrate Judge issued an Order (Doc. #31) denying Toptal's Motion to Compel. The Magistrate Judge correctly found that Fed. R. Cv. P. 45, read in conjunction with Fed. R. Cv. P. 26, were the proper vehicles for obtaining documents and other materials from non-parties, and that the moving party bore the initial burden of proving the requested discovery was relevant and proportional. (Id. at 4-5.) The Magistrate Judge determined that Toptal had not met its burden of proving the 271 documents were relevant or responsive to the *Andela* subpoena. (Id. at 5.) Rather, the Magistrate Judge found that Toptal was asking the Court to overlook the fact that the *Andela* and *Nevada* actions were not based on similar claims, defendants, and time periods "in an effort to have its discovery cake and eat it too." (Id. at 6.) The Magistrate Judge declined to overlook the differences in the cases, finding that Toptal failed to acknowledge that Beneschott identified all responsive documents and withheld only one document in the *Andela* as privileged, and that Toptal had

- 3 -

not shown that any of the at-issue documents were responsive to the *Andela* subpoena requests.  The Magistrate Judge concluded that "[w]e cannot compel documents that were not withheld because they were not requested in the first place."  (Id. at 6.)

## IV.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  Fed. R. Civ. P. 26(b)(1).  "The district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  The Court finds there was nothing clearly erroneous or contrary to law with the Magistrate Judge's Order denying Toptal's motion to compel.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Objection to and Motion to Set Aside Magistrate Judge's Order Denying Motion to Compel (Doc. #34) is **OVERRULED and DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of April 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

- 4 -

- 5 -

Copies:
Hon. Nicholas P. Mizell
Counsel of Record